UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
- - - - - - - - - - - - - -

UNITED STATES OF AMERICA,                No. 1:19-CR-68

                Plaintiff,

                                      Hon. PAUL L. MALONEY
     v.                                                   U.S. District Judge

JONATHAN RYAN LEDOUX,

                Defendant.
_____/

PLEA AGREEMENT

This constitutes the plea agreement between Jonathan Ryan Ledoux (Defendant) and the United States Attorney's Office for the Western District of Michigan.    The terms of the agreement are as follows:

1.    <u>Defendant Agrees to Plead Guilty</u>.        Defendant agrees to plead guilty to Count One of the Indictment.    Count One charges Defendant with attempted coercion and enticement of a minor, in violation of Title 18, United States Code, Section 2422(b).

2.    <u>Defendant Understands the Crime</u>.        In order for Defendant to be guilty of violating Title 18, United States Code, Section 2422(b), the following must be true:    (1) Defendant attempted to use a means of sexual activity; (2) Defendant believed the intended victim was under 18; and (3) had the sexual activity occurred, Defendant could have been charged with a criminal offense under state law.    Defendant is pleading guilty because Defendant is guilty of the charge described above.

3.    <u>Defendant Understands the Penalty</u>.    The statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 2422(b), is the following:

Minimum Incarceration: 10 years

Maximum Incarceration: life

Minimum Supervised Release: 5 years

Maximum Supervised Release: life

Special Assessments: $100 + $5,000

Additional Penalty: sex offender registration

Defendant agrees to pay the special assessments at or before the time of sentencing unless Defendant affirmatively demonstrates to the Court that he lacks the ability to pay.

4.    <u>Supervised Release Defined.</u>    Supervised release is a period of time following imprisonment during which Defendant will be subject to various restrictions and requirements.   Defendant understands that if he violates one or more of the conditions of any supervised release imposed, he may be returned to prison for all or part of the term of supervised release, which could result in Defendant serving a total term of imprisonment greater than the statutory maximum stated above.

5.    <u>Asset Forfeiture and Financial Accountability.</u> Defendant    agrees    to disclose to law enforcement officials the whereabouts of, Defendant's ownership interest in, and all other information known to Defendant about, all monies, property or assets of

any kind, derived from or acquired as a result of, or used to facilitate the commission of, Defendant's illegal activities.   Defendant further agrees to forfeit all rights, title, and interest in and to such items.   Defendant specifically agrees to forfeit all rights, title and interest in his Samsung Galaxy phone, IMEI No. 359479093497884, and Dell laptop computer, Serial No. BNN3YF2, seized by law enforcement officials on March 22, 2019, which Defendant admits were used to facilitate Defendant's criminal activity in violation of 18 U.S.C. § 2422(b). Defendant agrees to the entry of an order of forfeiture at or before sentencing with respect to these assets and to the forfeiture of the assets.

6.    <u>Factual Basis of Guilt.</u>        Defendant and the U.S. Attorney's Office agree and stipulate to the following statement of facts which need not be proven at the time of the plea or sentencing: on November 16, 2018, Defendant contacted an undercover agent posing as the mother of a 14-year-old and 9-year-old girl on the internet.   Defendant indicated an interest in having sexual intercourse with both the 14-year-old and 9-year-old.   Defendant continued to communicate with the undercover agent through the internet in an attempt to persuade the believed mother to let him engage in sex acts with her minor daughters.   On March 22, 2019, Defendant flew from Massachusetts to Kent County, Michigan to meet the believed mother and two young girls.   When Defendant arrived at the airport in Grand Rapids, MI, he was taken into custody by the Department of Homeland Security Investigations.

7.      <u>The United States Attorney's Office Agrees</u>.

a.      <u>Dismissal of Other Counts/Charges.</u>      The U.S. Attorney's Office agrees to move to dismiss the remaining count of the Indictment against Defendant. Defendant agrees, however, that in determining the sentence the Court may consider the dismissed count in determining the applicable Sentencing Guidelines range, where the sentence should fall within the applicable guidelines range, and the propriety of any departure from the calculated guidelines range.   By this agreement Defendant does not concede that an increased sentence or an upward departure is, in fact, warranted.

b.      <u>Acceptance of Responsibility.</u>      The U.S. Attorney's Office agrees not to oppose Defendant's request for a two-level reduction of his offense level for acceptance of responsibility under § 3E1.1(a) of the Sentencing Guidelines.   However, the U.S. Attorney's Office reserves the right to object to Defendant's request if it subsequently learns of conduct by Defendant that is inconsistent with the criteria set forth in the Commentary to § 3E1.1.   Should the Court grant a two-level reduction as provided herein, the Government states that Defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying it of his intention to enter a guilty plea, thereby permitting the Government to avoid preparing for trial, and hereby moves the Court to grant an additional one-level reduction if the adjusted offense level is 16 or greater.

8.      Defendant Agrees.

        a.      Registration.   Defendant acknowledges and agrees Defendant must register as a sex offender in all applicable jurisdictions, including, but not limited to the jurisdictions where Defendant was convicted, resides, works, and attends school. Defendant understands that failure to register may subject him to prosecution.

        b.      FOIA Requests.      Defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

9.      The Sentencing Guidelines.       Defendant understands that, although the United States Sentencing Guidelines (Guidelines) are not mandatory, the Court must consult the Guidelines and take them into account when sentencing Defendant. Defendant understands that the Court, with the aid of the presentence report, will determine the facts and calculations relevant to sentencing.    Defendant understands that Defendant and Defendant's attorney will have the opportunity to review the presentence report and to make objections, suggestions, and recommendations concerning the calculation of the Guideline range and the sentence to be imposed.    Defendant further understands that the Court shall make the final determination of the Guideline range that applies in this case, and may impose a sentence within, above, or below the Guideline

-5-

range, subject to the statutory minimum penalties described elsewhere in this Agreement. Defendant further understands that disagreement with the Guideline range or sentence shall not constitute a basis for withdrawal of the plea.

10. <u>There is No Agreement About the Final Sentencing Guidelines Range</u>. Defendant and the U.S. Attorney's Office have no agreement as to the applicable Sentencing Guidelines factors or the appropriate guideline range. Both parties reserve the right to seek any sentence within the statutory maximum, and to argue for any criminal history category and score, offense level, specific offense characteristics, adjustments and departures.

11. <u>Waiver of Constitutional Rights</u>. By pleading guilty, Defendant gives up the right to persist in a plea of not guilty and the right to a speedy and public trial by jury or by the Court. As a result of Defendant's guilty plea, there will be no trial. At any trial, whether by jury or by the Court, Defendant would have had the following rights:

a. The right to the assistance of counsel, including, if Defendant could not afford an attorney, the right to have the Court appoint an attorney to represent Defendant.

b. The right to be presumed innocent and to have the burden of proof placed on the Government to prove Defendant guilty beyond a reasonable doubt.

c. The right to confront and cross-examine witnesses against Defendant.

d.      The right, if Defendant wished, to testify on Defendant's own behalf and present evidence in opposition to the charges, including the right to call witnesses and to subpoena those witnesses to testify.

e.      The right not to be compelled to testify, and, if Defendant chose not to testify or present evidence, to have that choice not be used against Defendant.

f.      By pleading guilty, Defendant also gives up any and all rights to pursue in this Court or on appeal any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

12.     <u>The Court is not a Party to this Agreement</u>.      Defendant      understands that the Court is not a party to this agreement and is under no obligation to accept any recommendation by the U.S. Attorney's Office or the parties regarding the sentence to be imposed.   Defendant further understands that, even if the Court ignores such a recommendation or imposes any sentence up to the maximum established by statute, Defendant cannot, for that reason, withdraw his guilty plea, and he will remain bound to fulfill all his obligations under this agreement.   Defendant understands that no one—not the prosecutor, Defendant's attorney, or the Court—can make a binding prediction or promise regarding the sentence Defendant will receive, except that it will be within the statutory maximum.

13.     <u>This Agreement is Limited to the Parties</u>.      This agreement is limited to the U.S. Attorney's Office for the Western District of Michigan, and cannot bind any

other federal, state or local prosecuting, administrative or regulatory authority.  This agreement applies only to crimes committed by Defendant.  This agreement does not apply to or preclude any past, present, or future forfeiture or civil actions.

14.    <u>Consequences of Breach</u>.  If Defendant breaches any provision of this agreement, including any promise of cooperation, whether before or after sentencing, the United States shall have the right to terminate this agreement, or deny any or all benefits to which Defendant would otherwise be entitled under the terms of this agreement.   In the event that the United States elects to terminate this agreement, the agreement shall be considered null and void, and the parties shall return to the same position they were in prior to the execution of this agreement, as though no agreement ever existed.   In such an event, Defendant shall remain liable for prosecution on all original charges, and the United States shall be free to bring such additional charges as the law and facts warrant. Defendant further agrees to waive and forever give up his right to raise any claim that such a prosecution is time-barred if the prosecution is brought within one (1) year of the breach that gives rise to the termination of this agreement.

15.    <u>This is the Complete Agreement</u>.  This agreement has been entered into by both sides freely, knowingly, and voluntarily, and it incorporates the complete understanding between the parties.   No other promises have been made, nor may any additional agreements, understandings or conditions be entered into unless in a writing signed by all parties or on the record in open court.

U.S. v. JONATHAN RYAN LEDOUX
Plea Agreement Signature Page
19-CR-68

ANDREW BYERLY BIRGE
United States Attorney

0/15/19
_____
Date

_____
DAVIN M. REUST
Assistant United States Attorney

I have read this agreement and carefully discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of possible defenses, of the sentencing provisions, and of the consequences of entering into this agreement. No promises or inducements have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

10/14/19
_____
Date

_____
JONATHAN RYAN LEDOUX
Defendant

I am Jonathan Ryan Ledoux's attorney. I have carefully discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible defenses, of the sentencing provisions, and of the consequences of entering into this agreement. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

10/14/19.
_____
Date

_____
HELEN C. NIEUWENHUIS
Attorney for Defendant

-9-